UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN A. DUFFY, | ) | CIV. 13-4072-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DISMISSING |
| SOUTH DAKOTA DEPARTMENT OF | ) | SDDOCMHD |
| CORRECTIONS MENTAL HEALTH | ) | |
| DEPARTMENT; and | ) | |
| DR. DAVIDSON, | ) | |
| Mental Health Physician, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant South Dakota Department of Corrections Mental Health Department (SDDOCMHD) moves to dismiss the complaint against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Shawn A. Duffy's, response to the motion does not address the issue of whether SDDOCMHD can be sued as a defendant under 42 U.S.C. § 1983. The court grants the motion to dismiss

Duffy also moves for a copy of his mental health records from outside physicians–namely "Northeastern Mental Health," "Partners in Psychiatry," and any other records that are not from Dr. Davidson. Because these records may contain information relevant to Duffy's claim, he is entitled to receive a

copy of the records. If either defendant is in possession of such records, they should provide a copy to Duffy.

The Eleventh Amendment to the United States Constitution bars suit for money damages and injunctive relief when a state agency, as opposed to a state official, is named as a defendant in a lawsuit and the state agency has not consented to the lawsuit. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the state agency] has consented to the filing of such a suit."); *see also Monroe v. Ark. State Univ.,* 495 F.3d 591, 593-94 (8th Cir. 2007) (§ 1983 suit against state university seeking injunction and damages ordered dismissed) and *Murphy v. State of Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) ("it is well settled that the Eleventh Amendment bars § 1983 claims against the state and its agencies.").

Additionally, a state agency is not a proper party under § 1983 because it is not a "person" within the meaning of the statute. By its very terms, § 1983 only applies to "persons." It is "well settled that state agencies are not 'persons' for purposes of § 1983." *Mills v. Iowa Board of Regents,* 770 F. Supp. 2d 986, 992 (D. Iowa 2011) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63-71 (1989). In *Will,* the Supreme Court held that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71.

Thus, the claims against SDDOCMHD for both monetary and injunctive relief are dismissed because a suit brought against a state agency is barred by

the Eleventh Amendment and because a state agency is not a "person" within the meaning of § 1983. It is

ORDERED that Duffy's motion to obtain a copy of his mental health records (Docket 33) is granted to the extent the records are in the possession of either SDDOCMHD or Dr. Davidson.

IT IS FURTHER ORDERED that SDDOCMHD's motion to dismiss (Docket 23) is granted after it discloses the mental health records described above to Duffy.

Dated January 2, 2014.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE