UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN A. DUFFY, | ) | Civ. 13-4072-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY |
| DR. DAVIDSON, | ) | JUDGMENT |
| Mental Health Physician, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Shawn A. Duffy, is an inmate at the South Dakota State
Penitentiary (SDSP) in Sioux Falls, South Dakota. On July 1, 2013, Duffy filed
a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that the
South Dakota Department of Corrections Mental Health Department
(SDDOCMHD) and Dr. Davidson acted with deliberate indifference toward his
serious medical needs in violation of the Eighth Amendment. Docket 1. The
court screened Duffy's complaint pursuant to 28 U.S.C. § 1915 and directed
service of the complaint. Docket 10.

On August 26, 2013, SDDOCMHD moved to dismiss for failure to state
a claim, and Dr. Davidson answered the complaint and denied having acted
with deliberate indifference toward Duffy's medical needs. Dockets 23, 25. On
January 2, 2014, the court granted SDDOCMHD's motion to dismiss. Docket
35. Now before the court is Dr. Davidson's motion for summary judgment.
Docket 39. Duffy has not responded to the motion for summary judgment and

the time for response has passed. The court has considered the arguments set forth by defendant, and for the reasons set forth herein, the court grants defendant's motion for summary judgment.

**FACTUAL BACKGROUND**

According to defendant's statement of undisputed material facts, to which Duffy has not objected[1]:

Duffy is an inmate in the custody of the South Dakota Department of Corrections (DOC), and he is currently incarcerated at SDSP. Docket 1. When Duffy first arrived at SDSP, Dr. Davidson performed an initial evaluation to determine Duffy's medical condition and needs. Docket 41 at ¶ 1. At that time, Duffy told Dr. Davidson that he suffered from narcolepsy, panic attacks, and ADHD. *Id.* Duffy also reported that he was taking alprazolam and methylphenidate. *Id.* Because alprazolam is a benzodiazepine that is classified as a Schedule IV controlled substance by the DEA, and because benzodiazepines have the potential for abuse, Dr. Davidson does not typically prescribe alprazolam to patients with a history of drug abuse.[2] *Id.* at ¶¶ 3–4. Similarly, due to the potential for abuse, Dr. Davidson does not typically

---

[1] Pursuant to Local Rule 56.1.D, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts."

[2] In a previously filed affidavit, Dr. Davidson represented that Duffy has a history of substance abuse. Docket 27 at ¶ 8.

prescribe methylphenidate, which is a stimulant that is classified as a Schedule II controlled substance by the DEA. *Id.* at ¶¶ 5–6.

Dr. Davidson does not consider alprazolam and methylphenidate to be appropriate medications for persons in prison settings. Docket 41 at ¶¶ 4, 6. Accordingly, Dr. Davidson discontinued Duffy's prescription for alprazolam and prescribed a different and less dangerous medication, as well as non-medication therapies, to help Duffy deal with his complaints of anxiety. *Id.* at ¶ 7. Dr. Davidson did not discontinue Duffy's methylphenidate prescription at that time because he first wanted Duffy to undergo a sleep study. *Id.* at ¶ 8. Duffy, however, left the prison system before Dr. Davidson could order the study. *Id.*

Duffy returned to SDSP in April 2013, at which point Dr. Davidson scheduled a sleep study. Docket 41 at ¶ 9. Because drugs can affect the results of a sleep study, Duffy was taken off his medications for more than two weeks on the advice of the pulmonologist who performed Duffy's initial evaluation. *Id.* Nonetheless, when Duffy went to the sleep clinic for the study, he asked for and received alprazolam, which has sedative effects. *Id.* at ¶ 10. Although Duffy did not sleep long enough to complete the second part of the sleep study, the physician observing the sleep study told Dr. Davidson that the evidence was not suggestive of narcolepsy. *Id.* at ¶ 11.

3

Because the evidence from the first sleep study did not support Duffy's claim of narcolepsy, Dr. Davidson requested that Duffy undergo a second sleep study. Docket 41 at ¶ 12. When Duffy refused to participate in an additional study, Dr. Davidson discontinued Duffy's methylphenidate. *Id.* Dr. Davidson, a therapist, and a nurse met again with Duffy in August 2013, but he continued to refuse an additional sleep study. *Id.* at ¶ 13. In late August 2013, Dr. Davidson prescribed desipramine to Duffy for his anxiety and attention issues. *Id.* at ¶ 15. Duffy reported in November 2013 that the medication was helping with his symptoms. *Id.* Dr. Davidson has continued to see Duffy and discuss non-medication therapies for Duffy's anxiety complaints. *Id.* at ¶ 14.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[3] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg, Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go

---

[3] The evidence includes the pleadings, depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Id.*

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for

some specific facts that might support the nonmoving party's claim." *Id.* Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980).

## DISCUSSION

Dr. Davidson asserts that Duffy's deliberate indifference claim represents nothing more than a difference of opinion on matters of medical judgment. Docket 40 at 4. "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "In a deprivation of medical care case, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs." *Id.* (citing *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Coleman*, 114 F.3d at 784 (quoting *Camberos*, 73 F.3d at 176)). To establish deliberate indifference,

6

an inmate must demonstrate that a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Coleman*, 114 F.3d at 785 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). " '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' " *Id.* (citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)).

Notably, "[d]isagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993). "[A] prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) (citation omitted). In the instant case, the unrefuted evidence establishes that Dr. Davidson has not acted with indifference toward Duffy's medical needs. To the contrary, Dr. Davidson has evaluated Duffy's condition, ordered sleep studies to monitor Duffy's alleged narcolepsy, prescribed effective anxiety medication, and scheduled ongoing appointments to discuss non-medication therapies for Duffy's anxiety complaints.

Duffy takes issue with the fact that Dr. Davidson discontinued his alprazolam and his methylphenidate, but Dr. Davidson has established that

his decision to discontinue these medications was based on his professional judgment that neither medication was well-suited for an individual with a history of drug abuse. Furthermore, Dr. Davidson did not simply discontinue Duffy's medications. Instead, he prescribed Duffy an alternative anxiety medication, which Duffy "reported . . . was helping with his symptoms." Docket 41 at ¶ 15. Based on this evidence, the court finds that Duffy has failed to show that Dr. Davidson acted with deliberate indifference toward his medical needs. At best, Duffy has established a disagreement with Dr. Davidson's medical judgment, and "disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs." *Davis*, 992 F.2d at 153. Dr. Davidson is therefore entitled to summary judgment. Accordingly, it is

ORDERED that defendant's motion for summary judgment (Docket 39) is granted.

IT IS FURTHER ORDERED that defendant's motion to strike Duffy's amended complaint (Docket 36) is dismissed as moot.

Dated June 3, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8